JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUC14 PLAYA LLC,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>TA PARTNERS LLC, et al.,<br>　　　Defendants. | 2:24-cv-7028-DSF-JCx<br>8:24-bk-11279-TA<br><br>Order re "Notice of Stay in Response to Notice of Removal"; Order Referring Case to Bankruptcy Court |

　　　This case was removed from state court under 28 U.S.C. § 1452(a) as related to a bankruptcy case pending in the Bankruptcy Court for this District.

　　　Defendants have filed a "Notice of Stay in Response to Notice of Removal," which amounts to an objection to the removal. They assert that the removal notice violates the automatic stay in place in the relevant bankruptcy case because the removal notice in this case was not filed directly with the Bankruptcy Court.

　　　The Court finds Defendants' argument to be meritless. Section 1452 explicitly states that bankruptcy related removals are to be made "to the district court for the district where such civil action is pending." 28 U.S.C. § 1452(a). It appears that a practice has emerged whereby bankruptcy related cases are directly removed to the applicable bankruptcy court. This practice has been explicitly blessed in the local rules of the Bankruptcy Court for this District. See C.D. Cal. Local Bankr. Rule 9027-1(a). Whatever the validity of this method may be in light of the express language of 28 U.S.C.§ 1452(a), there is no rationale

that supports Defendants' argument that removal to the applicable district court is invalid and a violation of the automatic stay.[1]

The case is referred to the Bankruptcy Court pursuant to General Order 13-05.

IT IS SO ORDERED.

Date: August 30, 2024

Dale S. Fischer
United States District Judge

---

[1] Notably, the leading bankruptcy treatise observes: "Most courts considering the issue hold that the notice of removal may be filed with the clerk of the bankruptcy court. It is probably safer to file with the clerk of the district court; occasionally motions to remand removed cases are based upon the fact that the notice of removal was filed with the wrong clerk." 1 Collier on Bankruptcy ¶ 3.07 n.15 (16th ed. 2024) (internal citations omitted).